**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jade WILSON & Cindi C. Wilson,**
**Defendants–Appellants.**

Nos. 01–4178, 01–4179.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 2003.

Decided April 9, 2003.

**732**

Before BAUER, CUDAHY, and COFFEY, Circuit Judges.

### ORDER

Cindy Wilson appeals the 210–month sentenced imposed after she was found guilty of possessing with the intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and conspiring to distribute and possessing with the intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 21 U.S.C. § 846. Jade Wilson, Cindy's daughter, appeals the 240–month sentenced imposed after she was found guilty of the same offenses as her mother; Jade's sentence was lengthened because she was convicted of three counts of possessing and intending to distribute cocaine base under §§ 841(a)(1) and 841(b)(1)(C).

## I. BACKGROUND

Cindy and twenty-two-year old Jade Wilson purchased and sold significant amounts of crack cocaine and marijuana from their Bell Street trailer home located in Mt. Vernon, Illinois. According to the testimony presented, the two of them participated in the sale of an estimated 778 grams of crack cocaine over a three year period. Cindy was arrested in January 2001, and Jade was arrested one month later.

On January 18, 2001, a federal grand jury indicted the pair. Both Jade and Cindy were charged with one count of Conspiracy to Distribute and Possession with Intent to Distribute More Than Fifty Grams of Cocaine Base under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 21 U.S.C. § 846. The charging document stated that between November 1997 and November 2000, the two of them conspired to distribute more than fifty grams of cocaine with a number of individuals, including Anthony Moore, Garrett Watson (Jade's boyfriend at the time), Misty Rudd, Michael Stuckey, and other known and unknown persons. Additionally, Jade was charged with three counts of Possession with Intent to Distribute Less Than Five Grams of Cocaine Base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Cindy was charged with one count of the same. In arguing that the charging documents were defective, the appellants point out that the charging document was not labeled with the word "indictment," but was labeled with the heading, "THE GRAND JURY CHARGES:"

At trial, the United States presented sixteen witnesses who successfully painted an explicit picture of recurring illegality by detailing the Wilsons' ongoing purchases and sales of crack cocaine from their trail-

er home. These witnesses were Rule 35 or cooperating witnesses and had either been granted immunity or had not been charged in return for their testimony. Sixteen witnesses testified that they bought or sold cocaine and/or marijuana from or to Cindy, Jade, and others at the Wilson residence (including Garrett Watson, Jade's boyfriend, Deon Turner, Cindy's boyfriend, and Drake and Steve Wilson, Cindy's sons and Jade's brothers) over the relevant time period. Some of these witnesses opined that they would deal with either Cindy or Jade, and others opined that either Garrett or Deon assisted them in their drug deals; other witnesses asserted that they would purchase the drugs from whatever individual happened to be available at either the Bell Street trailer or from a nearby vehicle.

Additionally, Officer Randall Nadolski and informant George Jones testified that Jones made controlled buys of cocaine on three occasions from Jade and on one occasion from Cindy. The Wilsons do not contest that these sales occurred. Officer Greg Hanisch also testified to an undercover buy of "crack" from Jade. Following the close of the Government's case, the Wilsons opted not to present witnesses.

At the conclusion of the trial, the district judge inquired at a sidebar conference whether the parties had any final corrections or supplements to the jury instructions. Cindy Wilson's attorney advised the court that one of the submitted jury instructions, Instruction 6.12, had been omitted; this instruction addressed the buyer/seller relationship in drug conspiracy cases. The judge's law clerk maintained that the instruction was not included because it was inapplicable. Cindy's attorney responded:"[O]kay. I just wondered why it wasn't in the—okay. That clears it up, then. No problem. Because I didn't have the book when he was reading them.

Okay. Never mind. I'll withdraw it." After the jury began deliberating, the defense counsel again raised the issue of the instruction. The district court judge asserted that counsel had waived the issue during the sidebar conference.

On August 31, 2001, a petit jury convicted Jade and Cindy on all counts. Notably, although the indictment charged Cindy with conspiring to distribute more than fifty grams of cocaine base, the jury found Cindy guilty of conspiring to distribute between five and fifty grams of cocaine. Three months later, Jade received the following sentence: (1) 240 months imprisonment; (2) ten years supervised release; (3) a special assessment of $400; and (4) a fine of $250. Cindy received the following sentence: (1) 210 months imprisonment; (2) seven years of supervised release; (3) a special assessment of $200; and (4) a fine of $200.

## II. ISSUES

Jade and Cindy Wilson raise four issues on appeal. First, they contend that because the document with which they were charged did not contain the word "indictment," the grand jury never returned an indictment and the district court lacked jurisdiction to render a decision. Second, they assert that the district court's failure to include the buyer-seller jury instruction constituted plain error. Third, they claim that the evidence proffered at trial was insufficient to support a conviction on the conspiracy charge. Fourth, they argue that because the jury found that the amount of crack cocaine proven with respect to Cindy's conspiracy charge amounted to between five and fifty grams, this finding acquitted her on the charged conspiracy of more than fifty grams of cocaine. We affirm on all counts.

## III. ANALYSIS

### A. The Indictment

█ Because the charging document did not contain the word "indictment," the Wilsons assert that the district court erred in its decision to exercise jurisdiction. At the close of the Government's case-in-chief, the Wilsons raised this issue in their motion for acquittal; the district court denied this motion. The district court's denial of a motion for acquittal is reviewed *de novo*, and this Court "review[s] the evidence and draw[s] all reasonable inferences therefrom in the light most favorable to the government." *United States v. Fujii*, 301 F.3d 535, 539 (7th Cir.2002).

The Wilsons assert that because the charging document did not contain the word "indictment," the document constituted an information, and they did not consent to the issuance of an information. Because the Wilsons offered no legal basis to establish that the charging document must be labeled an "indictment," their argument is devoid of merit. Federal Rule of Criminal Procedure 7 provides as follows: "The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion." Fed.R.Crim.P. 7(c)(1).

The Wilsons proffer no reasoning to support their contention that the indictment did not contain the magic word "indictment." Furthermore, they fail to offer any rationale on which to base a conclusion that the charging document did not contain the requisite elements of F.R.C.P. 7(c)(1). The indictment was headed with the words "THE GRAND JURY CHARGES:," and

the grand jury foreperson and the U.S. government attorney signed the document. The Wilsons cite no authority mandating the appearance of the word "indictment" on a charging document. Thus, as the charging document complied with F.R.C.P. 7(c)(1), even though it was not labeled with the word "indictment," the district court did not err in exercising jurisdiction over the Wilsons' trial.

### B. The Buyer–Seller Relationship Instruction

Cindy and Jade Wilson assert that the trial court committed plain error by failing to instruct the jury with Number 6.12 of the Federal Criminal Jury Instructions of the Seventh Circuit.[1] This instruction lists factors to be considered when determining whether the Wilsons were involved in a conspiracy as opposed to a simple buyer-seller relationship, as "[t]he existence of a simple buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy, even where the buyer intends to resell [crack cocaine]." (R. at 58.)

Because the Wilsons did not object to the failure to instruct the jury with the buyer-seller relationship until after the jury began deliberating, this Court reviews their claim for plain error. *United States v. Skidmore*, 254 F.3d 635, 639 (7th Cir. 2001). This Court can correct an error not raised at trial only if there is "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' 'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Cotton*, 535 U.S. 625, 122

---

1. The appellants admit the "plain error" standard applies because the appellants' trial counsel did not object to the omitted jury instruction until after the jury had begun to deliberate. *See United States v. Skidmore*, 254 F.3d 635 (7th Cir.2001).

S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (internal citations omitted).

After the jury was instructed, Cindy Wilson's attorney advised the court that the buyer-seller instruction had been omitted. The district court's law clerk asserted: "I did not include that in the proposed packet because it was not applicable from the evidence in this case." Cindy's attorney responded: "[O]kay. I just wondered why it wasn't in the—okay. That clears it up, then. No problem. Because I didn't have the book when he was reading them. Okay. Never mind. I'll withdraw it." After the jury began deliberating, defense counsel again raised the issue of the instruction, stating, "[w]ell, Your Honor, I was kind of caught off guard in the moment of things. I realized what had happened to some extent during the reading of the instructions, and then at side bar, I just wasn't prepared." Defense counsel now asserts that he "was confused and not at his full wits" following the law clerk's explanation and requests a new trial.

■ Defense counsel explicitly waived the buyer-seller jury instruction before the jury began its deliberations. A waiver "precludes review [and is] ... 'the intentional relinquishment or abandonment of a known right,'"; waiver occurs "when a defendant or his attorney manifests an intention or expressly declines to assert a right." *United States v. Wood*, 301 F.3d 556, 560 (7th Cir.2002) (quoting *United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Forfeiture-under which the plain error standard applies-"occurs by accident, neglect, or inadvertent failure to timely assert a right." *Id.* Before the jury began deliberating, defense counsel explicitly asserted, "No problem.... Never mind. I'll withdraw it." Defense counsel expressly declined to timely assert his right; accordingly, he forfeited this issue on appeal.

■ Moreover, even if defense counsel did not waive the instruction, instructing the jury with the buyer-seller relationship instruction was wholly unnecessary because there existed substantial evidence of a conspiracy and because the defense counsel theory of the case was not supported by the record. The Wilsons were "entitled to have a buyer-seller instruction only if the theory [of defense was] supported by the evidence." *United States v. Turner*, 93 F.3d 276, 285 (7th Cir.1996). The Wilsons' allegation that they were merely involved in a buyer-seller relationship fails: Jade and Cindy Wilson were engaged in a conspiracy that included "transactions involving large quantities of drugs, prolonged cooperation between the parties, standardized dealings, and sales on credit." *United States v. Berry*, 133 F.3d 1020, 1023 (7th Cir.1998).

We are convinced that the overwhelming evidence of conspiracy presented at trial supports the conclusion that Jade and Cindy Wilson were actively involved in a conspiracy. Sixteen witnesses testified that they purchased drugs from the Wilsons on numerous occasions; these sales occurred in the same manner and same location. The overall conspiracy involved approximately 778 grams of cocaine, and one witness testified that he purchased drugs from the Wilsons on credit. The purchase and sale of the drugs occurred between the same actors under extremely similar circumstances, thereby illustrating prolonged cooperation between the Wilsons, their suppliers, and their buyers.

The Wilsons' reliance on *United States v. Thomas*, 150 F.3d 743 (7th Cir.1998), is misplaced. In *Thomas*, this Court held that the defendant was entitled to the buyer-seller instruction after the Government presented evidence of only five transactions over the course of two months to support the conspiracy charge. *Id.* at 745.

In contrast, the Government in the instant case presented evidence of countless transactions occurring between Jade and Cindy Wilson and their co-conspirators over the course of three years to successfully support the conspiracy charge. Therefore, even if the defense counsel did not waive the buyer-seller jury instruction, the jury should not have received this instruction because of the substantial evidence of conspiracy presented at trial.

## C. The Conspiracy

■ The Wilsons assert that the Government's evidence did not suffice to support their conviction on the conspiracy charge. When this Court reviews a challenge to the sufficiency of the evidence, we "consider the evidence in the light most favorable to the prosecution, making all reasonable inferences in its favor, and will affirm the conviction so long as *any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *United States v. Neville*, 82 F.3d 750, 757 (7th Cir.1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The conspiracy conviction will be sustained if the government provided substantial evidence that (1) a conspiracy existed and (2) the appellants knowingly agreed to join it. *See id.*

The Wilsons assert that their ongoing drug purchases and sales were tantamount to "a number of independent contractors doing similar work." Because of the substantial evidence of conspiracy between Jade, Cindy, and others, this argument must fail. The various members of the conspiracy operated out of the same trailer, repeatedly transacted with the same people, made sales on credit, and, admittedly, shared at least some of the profits. Consequently, any rational trier of fact could have found the essential elements of the conspiracy beyond a reasonable doubt.

## D. Cindy Wilson's Special Verdict

■ The Wilsons contend that Cindy Wilson's special verdict in which the jury found that the amount of cocaine involved in the conspiracy was between five and fifty grams effectively acquitted her on the charge of conspiring to possess with the intent to deliver more than fifty grams of cocaine. This issue was raised at Cindy Wilson's sentencing hearing, and the district court denied her motion for judgment of acquittal at this time. We review "[a] district court's denial of a motion for acquittal ... *de novo*," and this Court will "review the evidence and draw all reasonable inferences in the light most favorable to the government." *United States v. Fujii*, 301 F.3d 535, 539 (7th Cir.2002).

Cindy Wilson was charged with conspiring to possess with the intent to deliver more than fifty grams of cocaine and was convicted accordingly. The jury also found, in a special verdict, that Cindy was personally responsible for between five and fifty grams of cocaine. Cindy asserts that the conviction on an amount of cocaine between five and fifty grams acquits her of the government's charge of conspiracy to distribute more than fifty grams of crack cocaine on the basis that the first offense is not a lesser included offense of the second.

The appellant misapplies the law of lesser included offenses. As we have stated before, the "elements" test is used in determining when an offense is "necessarily included" in the charged offense. *See United States v. Boyles*, 57 F.3d 535, 544 (7th Cir.1995). Using the "elements" test, the lesser offense is necessarily included if "the elements of the lesser offense are a subset of the elements of the charged offense." *See id.* (quoting *Schmuck v. Unit-*

*ed States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)). In other words, "an offense is a lesser included one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be provided for the greater offense. An offense is not a lesser-included one if it contains an additional statutory element." *Id.* (citation omitted).

Here, the conspiracy to distribute the lesser amount of crack cocaine is not a lesser included offense of the conspiracy to distribute the higher amount of crack cocaine. The jury did not have to find the amount of drugs involved in the conspiracy, for the simple reasons that the drug amount is not an element of either offense. *See United States v. Trennell,* 290 F.3d 881, 887 (7th Cir.2002) (holding that the amount of drugs is not an element of the offense under 21 U.S.C. § 841 or of the conspiracy to distribute illegal drugs). Thus, Cindy's argument must fail. The quantity of drugs involved in the conspiracy is not an element of the charged offense and neither offense is a lesser included offense of the other. The jury could have found Cindy personally responsible for distributing five to fifty grams of the more than fifty grams charged in the overall conspiracy; consequently, the jury's special verdict did not acquit Cindy on this charge.

Because Cindy was sentenced to 210 months imprisonment, which was in accordance with the jury's special verdict finding that the amount of crack cocaine involved between five and fifty grams, there is no *Apprendi* violation here—the statutory maximum provided for in 21 U.S.C. § 841(b)(1)(B)(iii) is forty years. Thus, Cindy's conviction will stand, and the judgment of the district court with respect to the conviction and sentence of both appellants is

**AFFIRMED.**